IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KHALID SHAMSUD'DIYN, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. ELH-19-0228 |
| RICHARD DOVEY, *Warden*, *et al.*, | * | |
| Respondents. | *** | |

**MEMORANDUM**

Petitioner Khalid Shamsud'Diyn is a Maryland prisoner serving a 20-year sentence of incarceration. ECF 7-1 at 16, 41. He filed a petition for writ of habeas corpus (the "Petition"), pursuant to 28 U.S.C. § 2254. ECF 1. Shamsud'Diyn raises three separate grounds for relief, each relating to his discharge of trial counsel and the related failure of the state court to fully explore the voluntary nature of his discharge of counsel and to inform him of his rights. ECF 1 at 5.[1]

Respondents Warden and the Maryland Attorney General filed a "Limited Answer" (ECF 7), with exhibits. ECF 7-1. They assert that Petitioner's claims may not be considered by this court because the Petition was not timely filed within the one-year limitations period under 28 U.S.C. § 2244. Respondents also assert that Shamsud'Diyn is not entitled either to statutory tolling or an equitable exception to the one-year filing deadline.

Pursuant to *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002), Shamsud'Diyn was afforded an opportunity to explain why the Petition should not be dismissed as time barred. ECF 8. He filed two replies. ECF 9, ECF 10. Petitioner states that he was "unaware as to any time constraints" but that his Petition was timely filed. ECF 9 at 1; ECF 10.

---

[1] The Petition lists three grounds, labeled two, three and four, and does not include ground one. ECF 1 at 5. Respondents so noted in their response (ECF 7 at 3) and Petitioner did not respond with any additional information. ECF 9, ECF 10.

No hearing is necessary to resolve the matter. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons set forth below, the court shall deny the Petition. I also decline to issue a certificate of appealability.

## I.  Background

The case involves two indictments returned against Shamsud'Diyn in the Circuit Court for Montgomery County, Maryland. On September 9, 2004, Shamsud'Diyn was indicted on charges of possession with intent to distribute a controlled dangerous substance and related weapons charges. ECF 7-1 at 3. About two months later, on November 18, 2004, Shamsud'Diyn was indicted on charges of impersonating a police officer and related weapons charges. *Id.* at 25. On April 15, 2005, Shamsud'Diyn discharged his trial counsel in both cases. *Id.* at 8, 30.

Petitioner entered a guilty plea on April 26, 2005 as to the second indictment. *Id.* at 33. Then, on May 5, 2005, he entered a guilty plea as to the first indictment. *Id.* at 9. He was sentenced in both cases on October 3, 2005. *Id.* at 11, 36. The commitment order, subsequently clarified, reflects that Shamsud'Diyn was sentenced to a 20-year term of incarceration. *Id.* at 11, 16, 36, 41.

On November 2, 2005, Shamsud'Diyn filed timely applications in the Maryland Court of Special Appeals for leave to appeal both judgments of conviction. *Id.* at 12, 37. By summary opinion and mandate issued on September 20, 2006, and October 25, 2006, respectively, the Maryland Court of Special Appeals denied leave to appeal. *Id.* at 13, 38. This concluded all

available direct appeals. By statute, the Maryland Court of Appeals lacks jurisdiction to review a summary denial of leave to appeal by the Maryland Court of Special Appeals where final judgment has been entered following a guilty plea in Circuit Court. *See* Md. Code, § 12-202(4) of the Courts and Judicial Proceedings Article ("C.J."); *see also Stachowski v. State*, 416 Md. 276, 288–94, 6 A.3d 907, 913-17 (2010).

Shamsud'Diyn did not file any further motions seeking relief in state court until June 1, 2010, when he filed motions in the Circuit Court requesting sentencing credit for time served in pretrial detention in regard to both cases. ECF 7-1 at 13, 39. Ultimately, on February 26, 2016, an amended commitment order was issued to reflect time served in pretrial detention and to further clarify the commitment order. *Id.* at 16, 41.

On October 5, 2015, Shamsud'Diyn filed a petition for post-conviction relief in the Circuit Court for Montgomery County, challenging the convictions entered in both cases. *Id.* at 15, 40. The court denied the petition on March 1, 2018. *Id.* at 19, 44. Shamsud'Diyn then sought leave to appeal to the Maryland Court of Special Appeals, which was on August 27, 2018. *Id.* at 19. The mandate issued September 26, 2018. *Id.* at 45. This concluded all post-conviction review. *See* C.J. § 12-202(1).

Shamsud'Diyn signed and dated his § 2254 Petition on January 16, 2019, and it is therefore deemed filed with this court as of that date. ECF 1 at 6. *See* Rules Governing Section 2254 Proceedings in the United States District Courts, Rule 3(d) (mandating prison-mail box rule); *Houston v. Lack*, 487 U.S. 266 (1988).

## II. Standards of Review

### A. Timeliness

Under 28 U.S.C. § 2244(d)(1), a petition for writ of habeas corpus must be filed within a one- year limitations period, which runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

This one-year period, however, is tolled while properly filed state post-conviction proceedings are pending. *Id.* § 2244(d)(2).

### B. Equitable Tolling

Under limited circumstances, the one-year limitations period for filing a habeas petition may be subject to equitable tolling. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687-88 (4th Cir. 2000). To invoke equitable tolling, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (citation omitted). Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it

4

would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

### C.     Actual Innocence

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court instructed that a federal habeas court faced with an actual innocence claim should not count unjustifiable delay as an absolute barrier to relief, but it should be weighed as a factor in determining whether actual innocence has been reliably established. *Id*. at 399-400.  But, the Court cautioned that "tenable actual-innocence gateway claims are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. at 386, (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also House v. Bell*, 547 U.S. 518, 539 (2006); *Finch v. McKoy*, 914 F.3d 292, 298 (4th Cir. 2019); *United States v. Jones*, 758 F.3d 579, 583 (4th Cir. 2014).

The *McQuiggin* decision did not create a new right to habeas review, nor did it change existing law.  Rather, it simply clarified the "actual innocence" standard as a gateway to habeas corpus review.  To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.  *Schlup*, 513 U. S. at 324.  New evidence may consist of "exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir.1999) (citation omitted); *see Finch*, 914 F.3d at 298.  The new evidence must be evaluated with any other admissible evidence of guilt. *Wilson v. Greene*, 155 F.3d 396, 404-05 (4th Cir.), *appl. for stay*

*and cert. denied sub. nom. Wilson v. Taylor*, 525 U.S. 1012 (1998). And, the new evidence must do more than undermine the finding of guilt; it must affirmatively demonstrate innocence. *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999). To invoke the actual innocence exception to the procedural default doctrine, a defendant "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327.

### III. Discussion

Respondents argue that the Petition is time barred and should be dismissed because it was not filed within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1). ECF 7. Respondents further assert that Shamsud'Diyn is not entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) or an equitable exception.

In his replies, Shamsud'Diyn does not assert that there was any impediment to filing his application, any newly recognized constitutional right, or any newly discovered factual predicate underlying his claims that would present a situation indicating that he timely filed his Petition within the one-year period. *See* 28 U.S.C. § 2244(d)(1)(B)(C)(D). *See generally* ECF 1, 9, 10. Shamsud'Diyn asserts instead that he timely filed his Petition under the provisions of 28 U.S.C. § 2244(d)(1)(A), which turns on the date judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. However, he is mistaken in his calculation of the one-year limitations period.

Shamsud'Diyn's judgment of conviction became final on October 25, 2006, when the Court of Special Appeals issued its mandates denying leave to appeal from the judgments entered on his guilty pleas. *See* ECF 7-1 at 13, 38. Shamsud'Diyn's deadline to file his federal habeas

petition was one year from that date, on October 25, 2007. *See* 28 U.S.C. § 2244(d)(1)(A).

Shamsud'Diyn would be entitled to pause the running of the one-year limitations period only if he had properly filed an application for state post-conviction or other collateral review prior to October 25, 2007. *See* 28 U.S.C. § 2244(d)(2). He did not, however, file an application for state post-conviction relief until October 5, 2015. This was nearly eight years after the expiration of the one-year deadline of October 25, 2007.

Further, Shamsud'Diyn's filing for state post-conviction relief on October 5, 2015, does not undo the expiration. The one-year period "does not begin to run anew for a year following denial of the state postconviction remedies." *See Gray v. Waters,* 26 F. Supp. 2d 771, 772 (D. Md. 1998).

Shamsud'Diyn did not assert an equitable tolling or actual innocence argument, but these issues have been raised by Respondents in their memorandum of law. ECF 7 at 11-15. The Court then provided Shamsud'Diyn with a specific opportunity to address these issues. ECF 8. In reply, Shamsud'Diyn argues that he was previously unaware of the time limit for filing a habeas petition. *See* ECF 9 at 1; ECF 10 at 1-3. He also asserts that he has been pursuing his rights diligently. ECF 10 at 2-3. Finally, he states that he asserted actual innocence prior to dismissal of his trial counsel, prior to sentencing, and during post-conviction proceedings in state court. ECF 9 at 2.

Although Shamsud'Diyn states that he was unaware of the time limitation for filing his Petition, this is not sufficient to establish equitable tolling. "[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States*

7

*v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Further, the court cannot find that Shamsud'Diyn acted with reasonable diligence. His conviction became final on October 25, 2006, and this started the running of the limitations period that expired on October 25, 2007. He waited nearly eight years to file an application for state post-conviction relief, until October 5, 2015, and did not file his § 2254 Petition until January 16, 2019. Shamsud'Diyn has not established that he is entitled to equitable tolling.

In reply to Respondents' assertion that he did not allege a claim of actual innocence that would provide him relief from the untimely filing of his Petition, Shamsud'Diyn states that he asserted "actual innocence prior to the dismissal of his trial counsel and prior to sentencing and post-conviction." ECF 9 at 2. He also states that his claim of actual innocence is evident by the motion he filed in an effort to withdraw his guilty pleas. *Id.*

Shamsud'Diyn did not provide a copy of the motion or provide any information to this court in support of an actual innocence claim. Nor does he advance an argument that relies on new evidence that is reliable, or otherwise affirmatively demonstrate his innocence. Rather, Shamsud'Diyn simply reflects back to his procedural arguments regarding discharge of counsel. ECF 9 at 2. This is insufficient for the court to find that Shamsud'Diyn has met the showing required for actual innocence and for the court to consider the merit of his claims. *McQuiggin*, 569 U.S. at 395 (stating that the merits of a petition which is concededly time-barred, may be reached if "new evidence shows 'it is more likely than not that no reasonable juror would have convicted'" the petitioner) (quoting *Schlup*, 513 U.S. at 329).

For the reasons stated herein, the relief sought must be denied and the Petition shall be dismissed as untimely.

## IV. Certificate of Appealability

A Certificate of Appealability ("COA") shall not issue.[2]

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2254, the court is required to issue or deny a COA when it enters a final order adverse to the applicant. A COA is a "jurisdictional prerequisite" to an appeal from the court's order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). In other words, unless a COA is issued, a petitioner may not appeal the court's decision in a § 2254 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).[3]

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 773 (2017). A petitioner satisfies this standard by demonstrating that reasonable jurists would find the dispositive procedural ruling dismissing the claims, or the court's assessment of the constitutional claims, either debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001).

Petitioner has not made the requisite showing. Therefore, I decline to issue a COA.

---

[2] Some of the cases cited in Section VI pertain to 28 U.S.C. § 2255, because the standards are similar.

[3] The denial of a COA by the district court does not preclude Petitioner from seeking a COA from the appellate court.

An Order follows.

Date: April 29, 2021	/s/
	Ellen L. Hollander
	United States District Judge